Filed 2/14/22  P. v. Alvarez CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JESUS ALVAREZ,<br><br>Defendant and Appellant. | D079132<br><br><br>(Super. Ct. No. SCD284127) |

APPEAL from a judgment of the Superior Court of San Diego County, David M. Gill, Judge.  Affirmed.

Patrick Dudley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted Jesus Alvarez of sale of a controlled substance (Health and Saf. Code,[1] § 11379, subd. (a)).  In a bifurcated trial, the jury found true Alvarez suffered a prior conviction under section 11352, within the meaning

---

[1]     All further statutory references are to the Health and Safety Code unless otherwise specified.

of Penal Code section 1203.07, subdivision (a)(11); the jury also found true an alleged strike prior conviction (Pen. Code, § 667, subds. (b)-(i)).

Alvarez brought a motion to dismiss the strike prior under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. The court denied the motion and sentenced Alvarez to a determinate term of four years (the low term of two years, doubled because of the strike prior).

Alvarez filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Alvarez the opportunity to file his own brief on appeal, but he has not responded.

## STATEMENT OF FACTS

The facts of the offense are well summarized in the statement of facts in appellant's opening brief. We will include them here for convenience.

A. The Prosecution Case

The prosecution's first witness, San Diego Police Department Officer Joseph Charlot, testified about an undercover narcotics buy-bust operation that he was involved with on November 13, 2019, in the East Village area of downtown San Diego. On that date, Officer Charlot was working in an undercover capacity downtown in the Crime Suppression Team. Officer Charlot's objective was to purchase a controlled substance from whoever would sell it to him. At approximately, 10:00 a.m., Officer Charlot arrived in the East Village area wearing a recording device and with prerecorded bills which he had logged all of the currency serial numbers down. At approximately 10:00 a.m., at the intersection of 14th and Imperial streets, Officer Charlot told an African-American male that he was looking for

2

someone to sell him a "dub of crys." Officer Charlot testified that a "dub" was $20 worth, "crys" was crystal methamphetamine. The African-American male told him that he would take him to find someone to sell him the controlled substance. Then, Officer Charlot followed the man to the intersection of 16th and Imperial.

At that intersection, Officer Charlot stated that Jesus Jose Alvarez, who he positively identified in court during his testimony, asked him what he was looking for, and Officer Charlot told him that he was looking for a "dub of crys." Officer Charlot testified that Mr. Alvarez replied he "got me." At that point, Officer Charlot testified that Mr. Alvarez kneeled down and reached to the left side of his body and pulled out a little baggie that had a white crystalline-like substance inside, which based on the officer's training and experience looked like methamphetamine to Officer Charlot. Then, Mr. Alvarez took out two pieces of the substance; Officer Charlot handed him $20 of the prerecorded money; and Mr. Alvarez gave him the two pieces of the substance. Officer Charlot then walked away from the area and uniformed officers came in to detain the suspects. Officer Charlot came back to the intersection and confirmed that the uniformed officer had arrested the person who had sold him the substance. After being arrested, another officer, San Diego Police Department Officer Grants Huff, located one of the prerecorded $20 bills in Mr. Alvarez's front left pocket.

Daniel Glorae, a criminalist for the San Diego Police Department in the forensic chemistry unit, testified that the substance sold to Officer Charlot was confirmed by both a crystal test and an instrumental test to be crystal methamphetamine in the amount of .43 grams.

B. The Defense Case

Mr. Alvarez called San Diego Police Department Officer Robert Nelson as a defense witness. Officer Nelson testified that he was one of the uniformed officers who arrived after Officer Charlot completed his operation. Upon arrival, he detained a woman named Martha Gillette because she could have been involved in the transaction. He testified that a small amount of tar heroin was found in one of Gillette's boots, and Gillette was given a citation and released. He also testified that he did not find any baggies, scales or a phone with incriminating texts on Alvarez's phone. He also testified that Alvarez showed a couple of signs of being under the influence: he was fidgety and nervousness.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified a possible issue that was considered in evaluating the potential merits of this appeal. Whether the trial court abused its discretion in denying the defense motion to strike the true finding on the strike prior under Penal Code section 1385.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Alvarez on this appeal.

DISPOSITION

The judgment is affirmed.


                                              HUFFMAN, Acting P. J.

WE CONCUR:


AARON, J.


GUERRERO, J.